## Opitz v. Bowman

C.P. of Pike County, no. 1118-1997 Civil.

*Charles Kannebecker,* for plaintiffs.
*Gregory Chelak,* for defendant Rite Aid.
*Maureen E. Kelly,* for defendant Bowman.

THOMSON JR., *P.J.,* July 30, 1999—The defendant, Bowman, seeks to discover certain information contained

in the investigatory reports of the narcotics division of the attorney general's office. The attorney general has brought this motion to quash and thereby asserts that the information is protected through the Criminal History Record Information Act. 18 Pa.C.S. §9101 et seq. The information sought through the Rules of Civil Procedure by subpoena upon the Bureau of Narcotics Investigation is "any and all case files pertaining to Michael Opitz's arrest in January 1997." In response to the subpoena, the bureau supplied copies of the criminal "complaint, arrest warrant affidavit, and numerous investigative reports with various sections redacted." Brief in opposition at 2. The probable cause affidavit identifies the investigators, a pharmacist, defendant Bowman, and plaintiff Opitz, and was found to have supported a finding of probable cause by the district justice.

The government here admitted that the investigation is complete, but that persons referenced in certain statements which have been withheld may have CHRIA protection. Statement of facts at 3. It seems quite probable that there are other investigations involving the same witnesses. At the hearing, the government stated that it sought also to protect the statements and identity of several civilian witnesses. The defendant who seeks the information asserted that the information was relevant to his defense, the reason being that he wants to show that there were others who contributed information which led to Opitz's arrest.

The court finds the protection of investigatory information to be of utmost concern to the investigating authority. In the case at hand, the investigatory authority is invoking the intent of the legislature to protect certain investigatory information by opposing the dissemination

of information contained, presumably, in files to which CHRIA applies. There is no assertion that the files are not of a kind that fall within those governed by the statute. The government asserted that the illegal dissemination of CHRIA information would expose those responsible to civil liability or discipline. 18 Pa.C.S. §9181. Intelligence information covered by the protections of CHRIA shall not be disseminated except to a criminal justice agency, and shall be purged if no longer reliable or relevant. 18 Pa.C.S. §9106. Intelligence information may be extracted from the record when information is requested by other than a criminal justice agency. 18 Pa.C.S. §9121. By implicating the protections of CHRIA, the government implies that the information is still relevant to their activities.

The parties to this motion both cite to *Commonwealth v. Kauffman,* 413 Pa. Super. 527, 605 A.2d 1243 (1992). The case is based on the withholding of information contained in district attorney files where it was asserted that the information was protected under Pennsylvania's Right to Know statute. There, the court held that the Right to Know law does not bar discovery of information for use in a civil action. Instead, the court said the interests of the government in maintaining the secrecy of confidential information must be balanced against the needs of private litigants. Unlike the Right to Know statute that considers information to which a citizen is entitled, CHRIA in this instance deals with information which the agency having its possession is prohibited from disseminating. CHRIA not only establishes and amplifies the government's privilege against disclosure of investigatory information, it also mandates its assertion. The court finds that *Kauffman* does not compel discovery in

this case in that it neither considered CHRIA nor did it involve any assertion of privilege.

The hearing, in hindsight, was somewhat lacking in information from either party. The defendant did not produce the redacted documents to show their inadequacy. Nor did the government present the confidential information to the court for a determination of its protected status or irrelevancy. And neither party requested such a showing.

## ORDER

And now, July 30, 1999, as it appears that exculpatory information, if existent, may be available through other means, and since the interests of the government have not been sufficiently outweighed, the court hereby orders that the challenged subpoena, to the extent it has not already been complied with, be quashed. It is further ordered that information from the investigatory files of the attorney general's office be no further disseminated outside of this litigation.